IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARON FIELDS, <br><br> Plaintiff, <br><br> v. <br><br> DOLLAR TREE STORES, INC., <br><br> Defendant. | Case No. 3:19-CV-941-NJR-RJD |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case.").

On August 28, 2019, Defendant Dollar Tree Stores, Inc., removed this case to federal court based on the complete diversity of the parties (Doc. 1). *See* 28 U.S.C. § 1332. Defendant alleges that, on information and belief, Plaintiff Sharon Fields is a citizen of the State of Missouri (*Id.* at ¶ 5). It is well-settled in the Seventh Circuit, however, that allegations of citizenship based on "information and belief" are insufficient to establish diversity jurisdiction. *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, No. 16 CV 10969, 2017 WL 4310671, at *1 (N.D. Ill. Sept. 28, 2017) (citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)).

While the Court can look to other evidence in the record to see if the requirements

of diversity have been satisfied, *see Med. Assurance Co., Inc. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010), the record here is insufficient. The complaint filed in state court alleges only that Fields resides in Hannibal, Missouri (Doc. 1-1), and "residence and citizenship are not synonyms." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). It is one's citizenship that matters for purposes of diversity jurisdiction. *Id.* The citizenship of a natural person for diversity purposes is determined by the person's domicile, *see Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n. 4 (7th Cir. 1994), which means the state where the person is physically present with an intent to remain there indefinitely. *See Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *see also Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006).

Because neither the Notice of Removal nor the complaint filed in state court properly states the citizenship of Plaintiff Sharon Fields, Defendant Dollar Tree Stores, Inc., is **ORDERED** to file an Amended Notice of Removal no later than **October 3, 2019.** The Amended Notice of Removal must clearly set forth the citizenship of Plaintiff Sharon Fields.

**IT IS SO ORDERED.**

**DATED:** September 4, 2019

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**